

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD. C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable J. O. Loftin, President
Texas College of Arts and Industries
Kingsville, Texas

Dear Mr. Loftin:

Opinion No. O-1422
Re: May a person simultaneously
serve on the board of trustees
of an independent school district and
(1) on the board of directors of the
Texas College of Arts & Industries, or
(2) as United States Postmaster?

We are pleased to answer the following questions which you submitted to us by your letter of September 8, 1939:

"1. Can an individual legally serve on the board of directors of the Texas College of Arts and Industries and at the same time serve as a member of a board of trustees of an independent school district?

"2. Can an individual serve as a member of the board of trustees of trustees of an independent school district and also as United States Postmaster?"

Both questions involve the application of Article 16, Section 40, of the Constitution of Texas, which reads in part as follows:

"No person shall hold or exercise, at the same time, more than one civil office of emolument. . . ."

34 Texas Jurisprudence at page 349, referring to the above constitutional provision,, says:

"The Constitution applies only to office of emolument. 'Emolument' means a pecunirary profit, gain or advantage; hence, the samr person may hold two civil offices where no pay, compensation or pecuniary gain attaches to one of them, provided they are not incompatible."

For further discussion of this question, see opinions of this department numbered O-490, O-982, and O-1263.

Since you did not specify in your letter under what Act the independent school district was created, we shall assume that it was created under authority of Chapter 13, Title 49 of the Revised Civil Statutes

of Texas, 1925. Article 2775 thereof provides in part as follows:

"In each independent district that shall hereafter be organized, the county judge of the county in which said independent district is sit-uated shall order an election for seven trustees, who shall constitute the school board of such distruct, and all of whom shall serve without compensation." (Underscoring ours.)

It is, therefore, apparent that a member of the board of trustees of an independent school district, created under the general laws, does not hold an office of emolument within the meaning of Article 16, Section 40, of the Texas Constitution.

We know of no reason why the duties of a member of the board of trustees of an independent school district should be in any manner con-flicting or incompatiel with the duties either of (1) a member of the Board of Directors of the Texas College of Arts and Industries, or (2) a United States Postmaster.

Article XVI, Section 33, of the Constitution of Texas, provides in part:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer, or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution."

There can be no doubt but that all three of the offices here under consideration are positions of honor, trust or profit within the meaning of the above quoted constitutional provision. See opinion of this Department No. O-1101, dated July 31, 1939, addressed to Honorable Geo. H. Sheppard.

In accordance with the foregoing discussion it is our opinion that:

1. A person may legally serve on the Board of Directors of the Texas College of Arts and Industries and at the same time serve as a member of the board of trusteesof an independent school district; but in so doing he forfeits all right to any compensation to which he might have been entitled as a director of the college, by reason of Article XVI, Section 33 of the Texas Constitution.

2. So far as the Constitution and laws of Texas are concerned, an indi-vidual may simultaneously serve as a member of the board of trustees of an independent school district, and as United States Postmaster, since the former office carries no compensation, but we are unable to advise

Hon. J. O. Loftin, page 3 (O-1422)


you whether the United States postal regulations may or may not forbid the same.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By /s/ Walter R. Koch

Walter R. Koch
Assistant

WRK:GO:egw

APPROVED SEP 23, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By B W B
Chairman
